UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DILLON and MARC KAFKA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO SECURITIES, LLC<br><br>    Defendant. | Case No. 1:23-cv-00684<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Michael Dillon and Marc Kafka sue Defendant Wells Fargo Securities, LLC, (Wells Fargo), invoking diversity jurisdiction under 28 U.S.C. § 1332 and alleging gross negligence, fraud, tortious interference with contractual relations, tortious interference with business relations, breach of contract, negligent supervision, breach of implied covenant of good faith and fair dealing, and aiding and abetting breach of fiduciary duties. [1]. In a single motion, [12], Defendant (1) moves to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay the proceedings. For the reasons explained below, this Court grants Defendant's motion to transfer. [12].

**I.    Factual Background**

Plaintiffs Michael Dillon and Marc Kafka held shares in the LJM Preservation and Growth Fund, a public mutual fund that invested primarily in "call" and "put"

options on Standard & Poor's 500 Futures Index and traded under the ticker symbols LJMIX, LJMAX, and LJMCX. [1] ¶ 7. In order to conduct its options trading, LJM entered into Futures and Cleared Swaps Agreements with Wells Fargo, a financial services institution incorporated in Delaware and transacting substantial business in the Northern District of Illinois. *Id.* ¶¶ 18, 39. Plaintiffs allege that the Agreements provided that, upon termination, "LJM had the option of 'promptly' closing out open trades or transferring all open positions to another FCM" and that § 24 of the Agreements required LJM "either to close out or transfer its open positions upon termination" but did not "confer upon or authorize Wells Fargo the right to direct LJM to conduct any specific trades to achieve that end or to order a complete and immediate liquidation of the entire Portfolio and Portfolio Assets," especially in the absence of any default by LJM. *Id.* ¶¶ 40, 43.

Despite this, Plaintiffs allege, on behalf of themselves and a putative class comprised of all persons who held: (1) shares in the LJM Preservation and Growth Fund on February 5 and 6, 2018; and (2) limited partnership interests in any of the Partnership Funds on February 5 and 6, 2018, that, in the early morning hours on February 6, 2018, Wells Fargo ordered LJM to "completely and immediately liquidate the entire LJM Portfolio, which directly and proximately caused Plaintiffs and all other Class members to suffer damages of more than $500 million and as much as $800 million. *Id.* ¶ [3].

2

Wells Fargo now moves to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and based upon the forum selection clause in the Futures and Cleared Swaps Agreements.

## II.     Legal Standard

Section 1404(a) provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer under § 1404(a) requires this Court to weigh both the convenience of the parties and various public-interest considerations. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020). This weighing "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). As the moving party, Defendant bears the burden of demonstrating that the Southern District of New York is "clearly more convenient." *Id.* at 219–20.

Courts in this district utilize a three-part test in deciding whether to transfer a case under § 1404(a), asking whether: (1) venue is proper in both this Court and the transferee court;[1] (2) transfer is more convenient for the parties and witnesses; and (3) transfer serves the interest of justice. *3DD LLC v. Creative Visions, Inc.*, No. 20-CV-03462, 2021 WL 83504, at *3 (N.D. Ill. Jan. 11, 2021); *Bland v. Edward D. Jones & Co., L.P.*, No. 18-CV-03673, 2020 WL 7027595, at *8 (N.D. Ill. Nov. 30, 2020);

---

[1] The parties agree that venue is proper both in the Northern District of Illinois and in the Southern District of New York.

3

*Esposito v. Airbnb Action, LLC*, No. 20 C 2713, 2020 WL 6825685, at *1 (N.D. Ill. Nov. 20, 2020). In determining whether the transfer would be in the "interest of justice," a court may consider several factors, including "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *In re Ryze Claims Sols.*, 968 F.3d at 707–08. A transfer motion requires a "flexible and individualized analysis," necessitating a "look beyond a narrow or rigid set of considerations." *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The existence of a forum-selection clause, however, counts as "a significant factor that figures centrally in the district court's calculus." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 58 (2013) (citing *Stewart*, 487 U.S. at 29). Indeed, if applicable, a forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Id.* at 60 (citing *Stewart*, 487 U.S. at 33). As a result, the presence of a valid forum-selection changes the "usual § 1404(a) analysis" in significant respects. *Id.* at 63–64.

### III. Discussion & Analysis

Wells Fargo seeks a transfer to the United States District Court for the Southern District of New York, where Plaintiffs' counsel filed a nearly identical class action, *Kafka v. Wells Fargo Securities, LLC*, Case No. 22-cv-01034 (S.D. N.Y.), and where the underlying dispute between Wells Fargo and LJM also remains pending.

4

Wells Fargo argues that Plaintiffs here seek to enforce the contracts between Wells Fargo and LJM, and those contracts includes a forum selection clause providing for exclusive jurisdiction in the Southern District of New York. [13] at 3, 7–9.

Although Plaintiffs concede that venue is proper in the Southern District of New York, they oppose transfer, contending that they were not parties to the Agreements between Wells Fargo and LJM and thus have never agreed to pursue their claims in the Agreements' specified forum; they also emphasize that the private interest factors, primarily the convenience of the parties, counsel against transfer. [16] at 10–14.

Because the applicable legal standard turns on the existence of a valid forum-selection clause, the Court first considers whether the claimed forum-selection clause applies.

Plaintiffs concede that the Agreement between Wells Fargo and LCM includes a forum-selection clause, but they argue that, because they were merely investors in the funds, the clause does not apply to them. *See* [16] at 11. Not so. Plaintiffs claim that Wells Fargo violated the provisions of the Futures and Cleared Swaps Agreements when it forced LJM to take action not authorized or contemplated in those Agreements. Their allegations, described above, demonstrate that they are, in fact, seeking to enforce those Agreements on a derivative basis and to hold Wells Fargo accountable under the provisions thereof. In fact, they sue in Count Six for breach of the Futures and Cleared Swaps Agreements. Because they are suing under the Agreements and seeking to avail themselves of the benefits of those Agreements,

5

they must also accept the Agreements' other provisions too, including those that, like the forum selection clause, Plaintiffs might deem unfavorable. *See, e.g.*, *Hostforweb Inc. v. Cloud Equity Grp. Sim LLC*, 2019 WL 6033648, at *3 (N.D. Ill. Nov. 14, 2019) ("As a third-party beneficiary seeking to enforce the APA, Plaintiff is bound by all the provisions in the APA, including a valid forum selection clause contained therein."); *Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) (holding that plaintiff "cannot have it both ways"; it "cannot rely on the contract when it works to its advantage and repudiate it when it works to (its) disadvantage"). The forum selection clause thus applies, and the Court employs the modified § 1404(a) analysis described above, dispensing with the private interest factors and affording no weight to Plaintiffs' forum choice.

Turning to the public interest factors—which include the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy, *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010)—the Court finds that transfer makes sense. Indeed, the Seventh Circuit has recognized that the public interest factors "will 'rarely' outweigh the parties' private interests in enforcing a forum-selection provision" and that, when properly applied, the modified § 1404(a) analysis will compel transfer "in all but the most exceptional cases." *In re Ryze Claims Sols.,* 968 F.3d at 708 (quoting *Atlantic Marine*, 571 U.S. at 59–60, 64). This case proves no exception.

6

First, transfer promotes judicial economy and the swift administration of justice. The underlying action between Wells Fargo and LCM remains pending in the Southern District of New York, as does the identical *Kafka* class action; it makes sense to resolve all related matters in the same court. *E.g.*, *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063 (N.D. Ill. 2015). Allowing two substantially similar class actions to proceed in two separate courts wastes scarce judicial resources and precludes coordinate appellate proceedings as well. Transfer is particularly appropriate because discovery has not yet commenced here, and because the parties' agreement includes a New York choice of law provision; this case will be well served by coordinated proceedings before a Judge well versed in the application of New York law.

Plaintiffs argue that differing statutes of limitations in Illinois and New York counsel against transfer. But that argument remains at odds with *Atlantic Marine*. There, the Supreme Court noted that, as a general rule, when a case is transferred under § 1404(a), the transferee court applies the state law applicable in the original court, 571 U.S. at 64–65 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494–496 (1941)). The exception to the general rule that a "federal court sitting in diversity applies the choice of law rules in the state in which it sits" was necessary, the Court explained, "to prevent 'defendants, properly subjected to suit in the transferor State,' from 'invoking § 1404(a) to gain the benefits of the laws of another jurisdiction . . . ." *Id.* at 65 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 638–39 (1964)). It held, however, that a party who is bound by a forum-selection clause but

7

nonetheless "flouts its contractual obligation and files suit in a different forum," "is entitled to no concomitant 'state-law advantages.'" *Id.* Even if this case were to proceed here, in contravention of Wells Fargo and LJM's forum selection and choice-of-law agreements, Plaintiffs likely still could not attain the "state law advantages" they seek to claim. To hold otherwise would promote forum shopping and circumvent bargained-for contractual obligations. Plaintiffs offer no compelling reason for allowing this result.

## II. Conclusion

For the reasons explained above, the Court grants Defendant's motion [12] and directs the Clerk to transfer this case forthwith to the Southern District of New York.

Dated: March 25, 2024        Entered:

_____
John Robert Blakey
United States District Judge